# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GLORY ANNA JOHNSON,**

    **Plaintiff,**

 v.                                   **Case No. 22-CV-1021**

**SHAWNO COUNTY JAIL,**

    **Defendant.**

## ORDER SCREENING THE COMPLAINT

On September 6, 2022, plaintiff Glory Anna Johnson who is representing herself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated her constitutional rights. (ECF No. 1.) Johnson also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) Johnson further filed two motions to consolidate this case with three other cases, Case Nos. 22-cv-1023, 22-cv-1024, and 22-cv-1025, also before this court. (ECF Nos. 7, 8.). In addition to screening the complaint, this order will also resolve these motions.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Johnson was a prisoner when she filed her complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with her case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds

exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She must then pay the balance of the $350 filing fee over time, through deductions from her prisoner account. *Id.*

On September 6, 2022, Johnson filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On September 9, 2022, the court ordered Johnson to pay an initial partial filing fee of $31.70 by October 10, 2022. (ECF No. 5.) Johnson paid that fee on October 6, 2022. The court will grant Johnson's motion for leave to proceed without prepaying the filing fee. She must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## MOTIONS TO CONSOLIDATE

On October 3, 2022, Johnson filed an identical motion in all four of her cases requesting that the court consolidate the four cases into one case. (ECF No. 7; *see e.g.,* Case No. 22-cv-1025, ECF No. 7.) She gives no reason why the court should consolidate the cases. Then, on October 20, 2022, she filed a second motion to consolidate or in the alternative a motion for extension of time to pay the initial partial filing fees in all four cases. (ECF No. 8; *see e.g.*, Case No. 22-cv-1025.) In this motion, she noted that the fees for all four cases amounted to $126.00, implying that expense was her primary reason for requesting consolidation. However, she gives no explicit reason for wanting to consolidate the four cases.

Federal Rule of Civil Procedure 42(a) allows cases to be consolidated where they "involve a common question of law or fact." The court has briefly reviewed all four of Johnson's cases and determined that in their current form, they do not

2

involve a common question of law or fact. While all the cases list Shawno County Jail as the defendant, for reasons explained below, Shawno County Jail as an entity cannot be held liable under § 1983. Additionally, each case appears to deal with a separate and distinct instance of individual staff members at Shawno County Jail violating Johnson's constitutional rights. Therefore, at this stage, consolidation is inappropriate.

Additionally, the court cannot consolidate the cases in order to make litigation more affordable for Johnson. Doing so would essentially allow Johnson to "file multiple suits for the price of one." *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). Such a practice is contrary to the mandate of the PLRA. Johnson's motions to consolidate the cases are denied. Because she already paid the initial partial filing fee in this case, her motion for extension of time to pay the initial partial filing fee is denied as moot. The court will issue separate orders in the remaining three cases addressing the motions to consolidate and the motions for extension of time.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

3

Case 2:22-cv-01021-NJ   Filed 12/06/22   Page 3 of 9   Document 9

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Johnson's Allegations*

Johnson alleges that while incarcerated at the Shawno County Jail, her menstruation cycle began and jail staff failed to provide her with the proper hygiene products to accommodate her cycle. (ECF No. 1 at 2.) She soiled herself and was forced to sit in dirty clothes for over 24 hours. (*Id.*) She was also denied pain medication for cramping. (*Id.* at 2-3.)

*Analysis*

Johnson potentially has viable claims, but the only defendant she names is the Shawno County Jail. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates her constitutional rights. The Shawno County Jail is not a person. Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009). Accordingly, a plaintiff must specifically allege what each individual defendant (in this case each employee of the Jail) did or did not do to violate her constitutional rights.

As such, the court will provide Johnson an opportunity to amend her complaint to include allegations about what specific employees of the Shawno County Jail did (or did not do) to address her cycle and cause a violation of her constitutional rights. Johnson's complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate Johnson's rights. When writing her amended complaint, Johnson should provide the

5

court with enough facts to answer the following questions: 1) Who violated her constitutional rights?; 2) How did each person violate her rights?; and 3) When did each person violate her rights? If Johnson does not know the name of the defendant who alleged violated hers rights, she may identify them as "John Doe" or "Jane Doe." If her amended complaint is allowed to proceed, Johnson will have an opportunity to conduct limited discovery to determine the defendants' identities.

The court is enclosing a copy of its complaint form and instructions. Johnson must list all of the defendants in the caption of her amended complaint. She should use the spaces on pages two and three to allege the key facts that give rise to the claims she wishes to bring and to describe which defendants she believes committed the violations that relate to each claim. If the space is not enough, Johnson may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to her prior complaint. Johnson cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If Johnson does not file an amended complaint by the deadline specified below, the court will dismiss her case for failure to state a claim upon which relief may be granted.

**THEREFORE, IT IS ORDERED** that Johnson's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Johnson's motions to consolidate the cases (ECF Nos. 7, 8) are **DENIED.**

**IT IS FURTHER ORDERED** that Johnson's motion for extension of time to pay the filing fee (ECF No. 8) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Johnson may file an amended complaint that complies with the instructions in this order on or before **December 30, 2022**. If Johnson files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Johnson does not file an amended complaint by the deadline, the court will dismiss this case based on her failure to state a claim in her original complaint and will issue her a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Johnson a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Johnson shall collect from her institution trust account the $318.30 balance of the filing fee by collecting monthly payments from Johnson's prison trust account in an amount equal to 20% of the preceding month's income credited to her trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Johnson is transferred to another county, state, or federal institution, the transferring

7

Case 2:22-cv-01021-NJ   Filed 12/06/22   Page 7 of 9   Document 9

institution shall forward a copy of this order along with her remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Johnson is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Johnson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Johnson is reminded that it is her responsibility to promptly notify the court if she is released from custody or transferred to a different institution. Johnson' failure to keep the court advised of her whereabouts may result in the dismissal of this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

8

Dated at Milwaukee, Wisconsin this 6th day of December, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

9