UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLORY ANNA JOHNSON,

    Plaintiff,

 v.                                                 Case No. 22-CV-1021

JANE DOE, and
JOHN DOE,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On September 6, 2022, plaintiff Glory Anna Johnson who is representing herself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated her constitutional rights. (ECF No. 1.) On December 6, 2022, the court screened her complaint and found it failed to state a claim upon which relief could be granted. (ECF No. 9.) However, the court gave Johnson an opportunity to amend her complaint. Johnson filed an amended complaint on December 21, 2022 which is now before the court for screening.

### SCREENING THE COMPLAINT

*Federal Screening Standard*

The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Johnson's Allegations*

Johnson alleges that when she was incarcerated at the Shawno County Jail, defendant guards John Doe and Jane Doe waited five days to book her. (ECF No. 10 at 2.) At the time, Johnson was heavily menstruating and had soiled her street clothes. (*Id.*) The Doe defendants refused to provide her with feminine hygiene products, new underwear, or a change of clothes. (*Id.* at 2-3.) As a result, Johnson sat in soiled clothes for five days. (*Id.*)

Once she was booked and given a change of clothes, she requested feminine hygiene products, deodorant, and soap. (ECF No. 10 at 3.) The Doe defendants told her that she could purchase them, but she didn't have the means to do so. (*Id.*) The Doe defendants also told her that if she wanted pain medicine, she would have to schedule a nurse visit and she would be charged for the visit. (*Id.*)

*Analysis*

Johnson claims that the Doe defendants violated her constitutional rights when they forced her to sit in her soiled clothes for five days and when they charged her for hygiene products and medical care. While it is unclear from the record, it is likely that Johnson was a pretrial detainee at the time. If she was a pretrial detainee, her rights arise out of the Fourteenth Amendment's Due Process Clause; if she was a convicted prisoner, her rights arise out of the Eighth Amendment. *See Hardeman v. Curran,* 933 F.3d 816, 822 (7th Cir. 2019) (explaining that an objective

3

reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by prisoners.) The court need not determine whether Johnson was a pretrial detainee or a convicted prisoner at this time, however, because the Eighth Amendment standard is the more stringent one. The court will analyze her claims under that standard.

"The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of the minimal civilized measure of life's necessities' and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). At this stage, Johnson may proceed on a conditions of confinement claim on the basis that she was forced to sit in unsanitary conditions for five days and then not provided with hygiene products.

Because Johnson does not know the names of the Doe defendants, the court will add Troy Beyer, the Shawno County Jail Administrator, as a defendant for the limited purpose of helping Johnson identify the names of the Doe defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The court will order the Marshals to serve Beyer with Johnson's amended complaint and a copy of this order. Beyer does not have to respond to the amended complaint. After Beyer's lawyer files an appearance in this case, Johnson may serve discovery upon Beyer (by mailing it to his attorney at the address in his notice of appearance) to get information that will help her identify the names of the defendants.

4

For example, Johnson may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Johnson does not state a claim against Beyer, her discovery requests must be limited to information or documents that will help her learn the real names of the defendants she is suing. Johnson may not ask Beyer about any other topic, and Beyer is under no obligation to respond to requests about any other topic.

After Johnson learns the names of the people she alleges violated her constitutional rights, she must file a motion identifying their names so the court may replace the John and Jane Doe placeholders. The court will dismiss Beyer as a defendant once Johnson identifies the defendants' names. After the defendants have an opportunity to respond to Johnson's amended complaint, the court will set a deadline for discovery. At that point, Johnson may use discovery to get the information he believes he needs to prove his claims.

Johnson must identify the names of the Doe defendants within 60 days of Beyer's attorney appearing. If she does not or does not explain to the court why she is unable to do so, the court may dismiss her case based on his failure to diligently pursue it. Civil L. R. 41(c).

**THEREFORE, IT IS ORDERED** that the United States Marshal to serve a copy of the second amended complaint and this order on Troy Beyer, Shawno County Jail Administrator, under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the

5

U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that Beyer does not have to respond to Johnson's amended complaint; however, he must respond to Johnson's discovery requests as described in this order.

**IT IS FURTHER ORDERED** that Johnson must identify the real names of the Doe defendants within 60 days of Beyer appearing in the case. If she does not, or does not explain to the court why she is unable to identify their real names, the court may dismiss this case based on failure to diligently pursue it. Civil L.R. 41(c).

Johnson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Johnson is reminded that it is her responsibility to promptly notify the court if she is released from custody or transferred to a different institution. Johnson' failure to keep the court advised of her whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 21st day of February, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

7